NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 30 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALLEGIANT AIR, LLC,<br><br>    Plaintiff-Counter-<br>    Defendant-Appellant,<br><br>v.<br><br>INTERNATIONAL BROTHERHOOD OF<br>TEAMSTERS, AIRLINE DIVISION;<br>AIRLINE PROFESSIONALS<br>ASSOCIATION TEAMSTERS LOCAL<br>UNION NO. 2118,<br><br>    Defendants-Counter-<br>    Claimants-Appellees. | No.   22-15515<br><br>D.C. No.<br>2:20-cv-01866-APG-DJA<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Argued and Submitted March 8, 2023
Las Vegas, Nevada

Before:  GRABER, BENNETT, and DESAI, Circuit Judges.

This is an appeal of a private arbitration award in favor of the International

Brotherhood of Teamsters, Airline Division (the "Union") and against Allegiant

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1

Air ("Allegiant") relating to the parties' Collective Bargaining Agreement ("CBA"). The parties dispute whether the CBA permits Allegiant to schedule pilots using Must Work Days ("MWDs")—that is, days on which all pilots must work, regardless of their preferences and seniority.

The pilots filed grievances concerning Allegiant's use of MWDs. Those grievances were submitted to the parties' System Board of Adjustment (the "Board"), a panel of three privately appointed arbitrators. The Board ruled in favor of the Union and the district court upheld the award. On de novo review, *Haw. Teamsters & Allied Workers Union, Loc. 996 v. United Parcel Serv.*, 241 F.3d 1177, 1180 (9th Cir. 2001), we affirm.

Our limited role is to determine whether the Board interpreted the CBA when rendering its decision. *Sw. Reg'l Council of Carpenters v. Drywall Dynamics, Inc.*, 823 F.3d 524, 531–32 (9th Cir. 2016). In cases challenging the interpretation of a collective bargaining agreement, "courts have no business overruling [the arbitrator] because their interpretation of the contract is different from his." *Haw. Teamsters*, 241 F.3d at 1181 (alteration in original) (quoting *United Steelworkers of Am. v. Enter. Wheel & Car Corp.*, 363 U.S. 593, 599 (1960)).

1. Allegiant had no Fifth Amendment due process rights in the arbitral proceeding because the Board is private, and no other theory of state action

2

applies. *See English v. Burlington N. R.R. Co.*, 18 F.3d 741, 744 (9th Cir. 1994) ("The guarantees of the Fifth and Fourteenth amendments apply only to governmental action, and not to private action."). Allegiant relies on cases involving railroads to support its argument that due process applies to arbitrations between airlines and their employees. *See, e.g.*, *id.* Those cases do not apply.

Section 153 of the Act establishes the National Railroad Adjustment Board ("NRAB"), an arbitration panel that hears grievances arising between workers and employers in the rail industry. 45 U.S.C. § 153, First. Because of the public nature of the NRAB, constitutional provisions such as due process apply to arbitrations in the railroad industry. *See, e.g.*, *English*, 18 F.3d at 744. But that section does not govern airline arbitrations.

Section 184 is the airline analog to section 153. *See* 45 U.S.C. § 184. Section 184 does not establish a public board but, instead, states only that "[i]t shall be the duty of every carrier and of its employees . . . to establish a board of adjustment." *Id.* Unlike section 153 boards, airline arbitration panels are created privately by each carrier and union. *Id.*

Private actions are fairly imputed to the government only when "the deprivation [is] caused . . . by a rule of conduct imposed by the state" and "the party charged with the deprivation [is] a person who may fairly be said to be a state actor." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). "Although

3

related, these two principles are not the same.  They . . . diverge when the constitutional claim is directed against . . . a private party."  *Id.*

Although the requirement that the parties submit to arbitration is imposed by statute, the arbitrators were privately selected by the parties.  Private arbitrators are not fairly considered government actors.  *See Fed. Deposit Ins. Co. v. Air Fla. Sys., Inc.*, 822 F.2d 833, 842 n.9 (9th Cir. 1987) (holding that arbitration is not state action when conducted by a private arbitrator).

2. The Board interpreted the CBA when it found that the parties had extended the grievance deadline in writing for complaints about scheduling.  Specifically, the Board concluded that Section 15.A.9 and the Letter of Agreement were writings that demonstrated the parties' intent to waive the grievance timelines insofar as they pertained to the relevant issue.  The Board therefore interpreted the CBA's requirement that extensions of deadlines be in writing and found it satisfied.  Because the arbitrators interpreted the CBA in reaching that conclusion, the award drew its "essence" from the agreement.  *Drywall Dynamics, Inc.*, 823 F.3d at 531–32.

3. The Board did not exceed its jurisdiction when it found that the terms of the CBA require Allegiant to devise schedules sequentially based on seniority.  The Board permissibly ascribed weight to the fact that the Union proposed, and the parties included, a provision in the CBA stating that "Bid Lines shall be awarded

4

. . . in order of Seniority."  With the inclusion of that text and the lack of any provision regarding MWDs, the Board permissibly interpreted the contract to require that work schedules be assigned based on preferences and in order of pilots' seniority, without taking MWDs into account.  In doing so, the SBA also permissibly drew upon industry practice and Allegiant's custom in all cases except those involving MWDs.  *See Stead Motors of Walnut Creek v. Auto. Machinists Lodge No. 1173, Int'l Ass'n of Machinists & Aerospace Workers*, 886 F.2d 1200, 1205–07 (9th Cir. 1989).  Because the arbitrators' award drew its essence from the contract, we may not substitute our judgment for theirs.

**AFFIRMED.**